Dear Mr. Duff:
Responding to your inquiry of recent date, note that unclassified, non-teaching employees of colleges and universities are paid for up to twenty-five days of unused sick leave at the time of retirement or death under R.S. 17:2149(A)(7)[1]. Unclassified teaching employees at colleges and universities are paid for up to twenty-five days of unused sick leave at the time of retirement or death under R.S. 17:3312(A)(7)[2].
Pursuant to these statutes, such payment is not made because of termination of employment. It is only paid to the employee when he in fact retires. See Attorney General Opinions 84-1030 and 80-483. We continue to adhere to this determination, and conclude that the university employee referenced in your correspondence is entitled to the payment of such unused sick leave at the time of his actual retirement.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK:ams
[1] R.S. 17:2149(A)(7) provides:
§ 2149. Use of sick leave, non-teaching personnel
 * * * * *
(7) Upon death or retirement of an unclassified employee, sick leave accrued to his credit shall be computed and the value thereof shall be paid to him provided that the sick leave had been accrued under established leave regulations and a daily attendance record has been maintained for the employee by his supervisor, except that such payment shall not exceed the value of twenty-five working days computed on the basis of a five day week and on a 4 week per month basis for personnel employed on a less than 12 month employment basis and on the basis of a five-day week and fifty-two week year for twelve month employees. The rate of pay shall be computed utilizing the base rate the employee is receiving at the time of termination.
[2] R.S. 17:3312(a)(7) provides:
§ 3312. Use of sick leave
 * * * * *
(8) Upon death or retirement of an unclassified employee, sick leave accrued to his credit shall be computed and the value thereof shall be paid to him provided that the sick leave had been accrued under established leave regulations and a daily attendance record has been maintained for the employee by his supervisor, except that such payment shall not exceed the value of twenty-five working days computed on the basis of a five day week and on a 4 week per month basis for personnel employed on a less than 12 month employment basis and on the basis of a five-day week and fifty-two week year for twelve month employees. The rate of pay shall be computed utilizing the base rate the employee is receiving at the time of termination.
Opinion Number 84-1030
January 8, 1985
94 . . . . Schools School District — Adm., Government Officers 22-B . . . Education, Colleges Other Institutions of Higher Education R.S. 42:421, 17:425, 17:47, 17:2149, 17:3312
Employees of colleges and universities, vo-tech schools and state special schools may be paid for unused annual leave upon termination and for up to 25 days of unused sick leave upon retirement or death.
Mr. Robert E. Harroun, III General Counsel to the Legislature Auditor State of Louisiana P.O. Box 44397 Baton Rouge, Louisiana 70804-4397
Dear Mr. Harroun:
This is to acknowledge your letter requesting an opinion from the Attorney General's Office concerning the proper payment for unused sick and/or annual leave to employees of colleges and universities, vo-tech schools, the Louisiana School for the Visually Impaired and the Louisiana School for the Deaf. You state that the Office of the Legislative Auditor is in the process of composing a statement which will appear in the audits of the above mentioned educational institutions to reflect the liability for unused annual and sick leave payable at the end of a given fiscal year.
Part of R.S. 42:421 provides for the payment of unused annual leave to any employee of the state or of any state agency after his separation from his office or employment. The maximum payment is the same as that set by the Civil Service Commission for members of the classified service of the state. The current limit is payment for 300 hours. In our opinion, all employees of state colleges and universities, vo-tech schools and special schools are either state employees or employees of a state agency. Therefore, the provisions of R.S. 42:421 would apply to them. However, employees of parish or city school boards are not covered by the section.
Several statutes concern payment for unused sick leave at the time of retirement or death of an employee. Unclassified, nonteaching employees of colleges and universities are paid for up to twenty-five days of unused sick leave at the time of retirement or death under R.S.17:2149(A)(7). Unclassified teaching employees at colleges and universities are paid up to twenty-five days of unused sick leave at the time of retirement or death under R.S. 17:3312(A)(7).
Under the provisions of R.S. 17:47(B) the superintendents and teachers at all state special schools are paid for up to twenty-five days of unused sick leave upon retirement or death. This statute also allows the governing board to pay for more than twenty-five days at its discretion.
A final statute governing the payment of unused sick leave is R.S.17:425. This statute covers all employees of city and parish school boards, the state board of education and all other boards of control of publicly supported educational institution. It provides for the payment of up to twenty-five days of unused sick leave to such employees at retirement or death.
We point out that under these statutes providing for the payment of unused sick leave, such payment is not made because of termination of employment. It is only paid to the employee when he in fact retires, or it is paid to his estate if he dies while still an employee but prior to retirement. The payment for unused annual leave when authorized under R.S. 42:421 because they are state employees or employees of a state agency. Each of these employees is also covered by one of the above cited statutes which allows them to be paid for up to twenty-five days of unused sick leave upon retirement or death.
If we may be of further help in this matter, please call on us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By: William T. Reeves, Jr. Assistant Attorney General
Opinion Number 80-483
April 8, 1980
RETIREMENT — Teachers 92-A-2(1) SCHOOLS SCHOOL DISTRICTS — Pensions Benefits, Teachers' Retirement System 103 La. R.S. 17:601.4
The retirement benefits of a person who returns to active service will be suspended.
Mr. James D. Falls Director Personnel Services Northeast Louisiana University Monroe, Louisiana 71209
Dear Mr. Falls,
You have requested an opinion from our office under the following situation. A professor at Northeast Louisiana University (NLU) is submitting his application for retirement to the Teachers' Retirement System of Louisiana (TRS) effective June 30, 1980. On August 1, 1980 he plans to return to full-time employment at NLU as a professor.
You state that under the provisions of Act 743 of 1977 (R.S. 17:601.4) NLU will give written notification to the TRS so that his retirement benefits will be suspended for the duration of his return to active service. You also state that during his return to service, no contributions will be made to the TRS and that he will not be paid for any unused or sick leave benefits due upon retirement until the termination of his return to service.
Under these facts you ask for our opinion in answer to the following questions:
1. May Dr. Cronk retire June 30, 1980, and then be employed from August 1, 1980 until June 30, 1981?
2. May any unused annual and sick leave benefits due upon retirement be paid June 30, 1981, rather than June 30, 1980?
A person who terminates his employment and who is eligible may retire from the Teachers' Retirement System. If he returns to service normally covered by the TRS, his benefits will be suspended for the duration of the return to active service under R.S. 17:601.4 which provides:
A. Whenever a retiree from this system returns to active service covered by the provisions of this Part, his retirement benefits from this system shall be suspended for the duration of such active service, but no further contributions by the individual or by the state on his behalf shall be made to the system. Upon termination of such active system, payment of the retirement benefits shall resume in the same amount as was payable at the time of return to active service, without recomputation but with the inclusion of any cost-of-living or any increase which may have been granted to retirees of the system during the time the benefits were suspended, but these increases shall not be retroactive.
B. Within ten days after such a retiree returns to active service, both he and the employing agency shall notify the board of trustees in writing of such employment and the date on which it commenced. Upon termination of the employment the employing agency shall notify the board of trustees thereof. If failure to give notice of return to active service results in any payment to be made in violation of Subsection A hereof, the employing agency and the retiree shall be solidarily liable to the system for the repayment of such amounts.'
Under the facts presented, this person will only be entitled to one monthly retirement check, for the month of July. If he returns to service on August 1, 1980, he will not receive a benefit for the month of August.
Under the provisions of R.S. 17:623.1 and R.S. 42:421 the allowable unused sick and annual leave of a member of the TRS is added (for longevity purposes only) to his retirement credit at the time of retirement. In this case it would be June 30, 1980 and not June 30, 1981. Further, under R.S. 42:421 and R.S. 17:1201 the payment for any allowable unused annual leave (up to 300 hours) and payment for any allowable unused sick leave (at least 25 days if accrued) must be paid upon separation from service and upon retirement, respectively.
If we may be of further assistance in this matter, please call on us.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 By: William T. Reeves, Jr. Assistant Attorney General